B 104 [08/07]

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br><br>14 JUN 10 PM 2: 36  |
|---|---|

| **PLAINTIFFS**<br><br>Kimberly Miller | **DEFENDANTS**<br><br>Ryan McKernan |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Alton F. Kuperman<br>11512 El Camino Real, Suite 350<br>San Diego, CA 92130   619-232-5353 | **ATTORNEYS** (If Known)<br><br>Wilfred Briesemeister<br>1230 Columbia Street #1100<br>San Diego, Ca 92101   800-551-7922 |

| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint Objecting to Discharge [11 U.S.C. 727(a)(4), (a)(8), 727(c) and 523(a)(6)]

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☑ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Ryan McKernan | BANKRUPTCY CASE NO.<br>14-01895-LA7 |

| DISTRICT IN WHICH CASE IS PENDING<br>Southern District | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Louis Adler |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>June 10, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Alton F. Kuperman |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 104

1 | Alton F. Kuperman, Esq. (SBN 125964)
2 | Matthew L. Williams, Esq. (SBN 268460)
LAW OFFICE OF ALTON F. KUPERMAN
3 | 11512 El Camino Real, Suite 350
San Diego, CA 92130
4 | (619) 232-5353 (phone)
(619) 236-0153 (fax)
5 |
Attorney for Creditor
6 | KIMBERLY MILLER
7 |
8 |

```
Case # : 14-90105-LAAD
Title..: MILLER V. MCKERNAN
Judge..: LOUISE ADLER
Chapter: AD
---------------------------------
Filed : June 10, 2014   14:28:54
Deputy : JIAN LI
Receipt: 224794
Amount : $350.00
---------------------------------
```

## IN THE UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In Re: | ) | **Case No.: 14-01895-LA7** |
|---|---|---|
| **RYAN MCKERNAN,** | ) ) | **ADVERSARY PROCEEDING** |
| Debtor. | ) ) | **NO._____** |
| ————————————— | ) ) | **COMPLAINT OBJECTING TO** |
| **KIMBERLY MILLER,** | ) ) | **DISCHARGE OF DEBTOR** |
| Plaintiff, | ) ) | **(11 U.S.C. § 727(c))** |
| vs. | ) ) | |
| **RYAN MCKERNAN,** | ) ) | |
| Defendant. | ) ) | |
| ————————————— | ) | |

Plaintiff Kimberly Miller, Creditor in the case of *In Re Ryan McKernan,* U.S.B.C. (S.D. Cal.)

Case No. 14-01895-LA7 ("Plaintiff") alleges as follows

## JURISDICTIONAL ALLEGATIONS

      1.     This adversary proceeding is one arising in the Debtor's case number 14-01895-

LA7 presently pending in this Court under Chapter 7 of Title 11. The Court has jurisdiction of

this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §727. This is a core

1  proceeding under 28 U.S.C. §157(b)(2)(J).

2  　　　2.　　Under the provisions of 28 U.S.C. §§1408 and 1409, venue of this proceeding is

3  proper in the above-entitled Court.

4  　　　3.　　On March 13, 2014, Ryan McKernan ("Debtor" or "Defendant") filed a voluntary

5  petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), thereby

6  commencing Case No. 14-01895-LA7, U.S.B.C. (S.D. Cal.) (the "Chapter 7 case").

7  　　　4.　　Plaintiff Kimberly Miller is a creditor of Defendant Ryan McKernan. At present,

8  the amount of her claim is unknown. Plaintiff has a pending personal injury case against

9  Defendant in the San Diego Superior Court, Case No. 37-2013-00032470-CU-PO-CTL (the

10  "Personal Injury case").

11  　　　5.　　Pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, Plaintiff

12  had until June 16, 2014 to file her objection to discharge. Said period has not expired as of the

13  date of the filing of this complaint.

14

15

16  　　　　　　　　　　　**GENERAL ALLEGATIONS**

17  　　　6.　　Plaintiff incorporates by reference paragraphs 1-5, as though fully set forth herein.

18  　　　7.　　Plaintiff filed her Personal Injury case against Defendant and other parties on

19  January 29, 2013. Defendant was sued in his capacity as owner of a dog that mauled the Plaintiff

20  in March of 2012. In the process of litigation, Plaintiff deposed the Defendant on September 17,

21  2013. Failing to adequately anticipate the length of the deposition, Defendant asked for the

22  deposition to be continued to a later date. Counsel agreed.

23  　　　8.　　When the continued deposition was set to resume on October 14, 2013, the

24  deposition did not proceed forward. That is because October 14, 2013 was the same day

25  McKernan filed his Chapter 13 case, approximately one hour before the deposition was set to

26  resume. Evidently, McKernan has no desire to continue answering questions.

27  　　　9.　　While McKernan's Chapter 13 case proceeded, Plaintiff settled the remaining

28  portion of her personal injury case with all remaining Defendants. At present, only Plaintiff and

1   Defendant McKernan remain parties to that case.

2       10.     When McKernan's chapter 13 case was dismissed, for purportedly being unable

3   to make the necessary plan payments, Plaintiff immediately noticed the continued deposition of

4   Defendant. This continued deposition was rescheduled twice after Defendant's personal injury

5   counsel informed Plaintiff's counsel Defendant was not going to appear.

6       11.     After being properly noticed on March 13, 2014, Defendant failed to appear for

7   his continued deposition. If March 13, 2014 is a familiar date, it is because Defendant filed his

8   Chapter 7 case on the afternoon of March 13, 2014, after failing to appear for his appropriately

9   noticed deposition.

10      12.     The Chapter 7 case filed by Defendant on March 13, 2014 is the second case

11  Defendant has filed within a one year time period. He initially filed a Chapter 13 case on October

12  14, 2013, Case No. 13-10071-LA13 (the "Chapter 13" case). The Chapter 13 case was <u>dismissed</u>

13  on January 28, 2014 by Order of Judge Peter W. Bowie.

14      13.     Defendant's conduct in avoiding his deposition shows that he is obviously

15  unwilling to answer questions about the personal injury case. He is hiding behind the Bankruptcy

16  Court in an effort to avoid Plaintiff. This is quite obviously an abuse of the bankruptcy process.

17  Defendant easily could have converted his Chapter 13 case into a Chapter 7 case, but chose not

18  to, hoping that Plaintiff would no longer pursue her matter. He chose not to convert, and instead

19  ran to this Court again when he found out Plaintiff was still pursuing her personal injury case.

20      14.     At the initial meeting of creditors on April 17, 2014, counsel for Plaintiff

21  attended. At that time, it was brought to the attention of the trustee, Christopher Barclay, that the

22  docket for the pending Chapter 7 case showed two prior filings by Defendant. One was the

23  Chapter 13 case, and one was a Chapter 7 matter filed in the Eastern District of New York, Case

24  Number 06-41161 (the "06 case"). That case proceeded to a standard discharge on December 29,

25  2006.

26      15.     Mr. Barclay then continued the meeting of creditors to May 5, 2014. He gave

27  Defendant time to investigate the 06 case as Defendant denied that this was his case. Mr. Barclay

28  asked for a declaration as to what efforts Defendant was going to make to investigate this matter,

1   and also requested information as to Defendant contacting credit agencies and credit bureaus to

2   investigate.

3        16.    The May 5 meeting was taken off calendar after Defendant filed a declaration

4   with the Court. However, that declaration makes no mention of Defendant's investigation into

5   the 06 case, makes no mention of him contacting any credit agencies or credit bureaus. It simply

6   states it was not his case, which was not what Mr. Barclay asked for. Mr. Barclay's reasons for

7   being satisfied with the defunct declaration are unknown to Plaintiff.

8        17.    In addition to failing to contain pertinent information asked for by Mr. Barclay,

9   the declaration is sufficiently defunct in other ways. Specifically, item #1 states that "I am the

10  debtor in the within Chapter 13 proceeding." This is a Chapter 7 case, not a Chapter 13

11  proceeding. Item #2 states "notwithstanding allegations to the contrary, with the exception of the

12  instant bankruptcy case, at no time have I previously filed a bankruptcy petition." While

13  certainly alluding to the 06 case, this is also false. Defendant filed the Chapter 13 case in October

14  2013. Both of these statements are false and as a result constitute perjury as Defendant signed a

15  declaration containing both statements.

16       18.    Plaintiff is therefore unsatisfied with Defendant's perjurous declaration and as a

17  result does not believe Defendant's mere conclusory statements that the 06 case is not his. Why

18  then does the 06 case come up on this case's docket as a prior filing? If a person knew or had

19  reason to suspect that his information was used in a prior bankruptcy, would that person not

20  investigate the circumstances? Has Defendant never pulled a credit report or attempted to get a

21  loan? There are many questions unanswered. Defendant's inability or unwillingness to

22  investigate is more evidence of his abuse of the bankruptcy process.

23       19.    Defendant, without question, owes a monetary debt to the Plaintiff. However, the

24  amount of that is not currently known due to the fact the case has yet to proceed to trial or settle.

25  It should be noted Defendant has never tried to broach settlement discussions with Plaintiff.

26  Defendant, as owner of the dog involved in the attack, is strictly liable to Plaintiff for injuries

27  incurred. Furthermore, Defendant is liable pursuant to C.C.P. §3342, the California dog bit

28  statute. In her complaint, Plaintiff alleged that Defendant knew his dog had an unusually

dangerous tendency to bite, attack and threaten other dogs and human beings.

20.      These allegations, which Plaintiff no doubt believes would be proven at trial, are based on factual evidence. They involve evidence of Defendant's dog baring his teeth at a neighbor after breaking through a fence, two occasions where Defendant's dog got loose and mauled another neighborhood dog and, most importantly, the fact that Defendant's dog bit someone prior to the Plaintiff and for which a civil judgment was entered against Defendant. Should a Judge or Jury find that Defendant's dog had an dangerous tendency to bite, punitive damages would be awarded against Defendant, making this debt non-dischargeable. However, the personal injury case has not yet reached that stage, due to Defendant's incessant abuse of the bankruptcy process. Therefore, the sum certain is not known at this time, although based on the law, there is an amount that is owed.

# I.

## **FIRST CLAIM FOR RELIEF**

## **DEBTOR MADE FALSE OATH OR ACCOUNT**

### **(11 U.S.C. SECTION 727(a)(4))**

21.      Plaintiff realleges paragraphs 1 through 21, as though fully set forth herein.

22.      The Debtor knowingly and fraudulently, in or in connection with this Chapter 7 case, made a false oath or account.

23.      Specifically, Defendant issued a declaration which incorrectly stated he was involved in a Chapter 13 case and that he had never filed a previous bankruptcy case. Both statements constitute false oaths.

## II.

## SECOND CLAIM FOR RELIEF

## DEBTOR WAS DISCHARGED WITHIN THE PAST EIGHT YEARS

## (11 U.S.C. SECTION 727(a)(8))

24.     Plaintiff realleges paragraphs 1 through 23, as though fully set forth herein.

25.     Pursuant to the Court docket related to the pending Chapter 7 case, Defendant previously filed bankruptcy in 2006 and was discharged bankrupt on December 29, 2006.

26.     Section 727(a)(8) does not permit a person to receive a second discharge within 8 years of filing a subsequent petition. As the docket reflects a filing of April 19, 2006, and this case was filed on March 13, 2014, 8 years has not transpired and thus Defendant is not entitled to a discharge.

## III.

## THIRD CLAIM FOR RELIEF

## DEBTOR'S ACTS CONSTITUTED WILFULL & MALICIOUS INJURY

## (11 U.S.C. SECTION 523(a)(6))

27.     Plaintiff realleges paragraphs 1 through 26, as though fully set forth herein.

28.     In Plaintiff's underlying personal injury case, Defendant's dog mauled Plaintiff. The factual background leading up to this bite gives rise to the substantial likelihood that punitive damages will be awarded against Defendant for his willful and malicious conduct in so far as he knew that his dog had a dangerous propensity to bite and attack other persons and animals.

29.     As a result of Defendant's conduct, he may not discharge the debt owed to Plaintiff, even though a sum certain is not currently known due to the bankruptcy pending in this Court.

WHEREFORE PLAINTIFF PRAYS for judgment against Defendants, and each of them, as follows:

    (1)  That Debtor's discharge be denied;

    (2)  That Debtor's debt to Plaintiff remain, even if all other debts are discharged;

    (3) Costs of suit incurred herein;

    (4)  For any such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated:  June 10 , 2014      By: _____
                          Alton F. Kuperman, Esq.
                          Matthew L. Williams, Esq.
                          Attorneys for Plaintiff
                          KIMBERLY MILLER