Alton F. Kuperman, Esq. (SBN 125964)
Matthew L. Williams, Esq. (SBN 268460)
LAW OFFICE OF ALTON F. KUPERMAN
11512 El Camino Real, Suite 350
San Diego, CA 92130
(619) 232-5353 (phone)
(619) 236-0153 (fax)

Attorney for Creditor
KIMBERLY MILLER

FILED
14 JUN 27 PM 3:21

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

# IN THE UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>RYAN MCKERNAN,<br><br>          Debtor.<br>_____<br><br>KIMBERLY MILLER,<br><br>          Plaintiff,<br>vs.<br><br>RYAN MCKERNAN,<br><br>          Defendant.<br>_____ | Case No.: 14-01895-LA7<br><br>ADVERSARY PROCEEDING NO. 14-90105-LA<br><br>**FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR**<br><br>(11 U.S.C. § 727(c)) |

Plaintiff Kimberly Miller, Creditor in the case of *In Re Ryan McKernan*, U.S.B.C. (S.D. Cal.) Case No. 14-01895-LA7 ("Plaintiff") alleges as follows

### JURISDICTIONAL ALLEGATIONS

    1.    This adversary proceeding is one arising in the Debtor's case number 14-01895-LA7 presently pending in this Court under Chapter 7 of Title 11. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §727. This is a core

proceeding under 28 U.S.C. §157(b)(2)(J).

2. Under the provisions of 28 U.S.C. §§1408 and 1409, venue of this proceeding is proper in the above-entitled Court.

3. On March 13, 2014, Ryan McKernan ("Debtor" or "Defendant") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), thereby commencing Case No. 14-01895-LA7, U.S.B.C. (S.D. Cal.) (the "Chapter 7 case").

4. Plaintiff Kimberly Miller is a creditor of Defendant Ryan McKernan. At present, the amount of her claim is unknown. Plaintiff has a pending personal injury case against Defendant in the San Diego Superior Court, Case No. 37-2013-00032470-CU-PO-CTL (the "Personal Injury case").

5. Pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, Plaintiff had until June 16, 2014 to file her objection to discharge. Said period has not expired as of the date of the filing of this complaint.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1-5, as though fully set forth herein.

7. Plaintiff filed her Personal Injury case against Defendant and other parties on January 29, 2013. Defendant was sued in his capacity as owner of a dog that mauled the Plaintiff in March of 2012. In the process of litigation, Plaintiff deposed the Defendant on September 17, 2013. Failing to adequately anticipate the length of the deposition, Defendant asked for the deposition to be continued to a later date. Counsel agreed.

8. When the continued deposition was set to resume on October 14, 2013, the deposition did not proceed forward. That is because October 14, 2013 was the same day McKernan filed his Chapter 13 case, approximately one hour before the deposition was set to resume. Evidently, McKernan has no desire to continue answering questions.

9. While McKernan's Chapter 13 case proceeded, Plaintiff settled the remaining portion of her personal injury case with all remaining Defendants. At present, only Plaintiff and

FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

2

1 | Defendant McKernan remain parties to that case.

2 | 10. When McKernan's chapter 13 case was dismissed, for purportedly being unable to make the necessary plan payments, Plaintiff immediately noticed the continued deposition of Defendant. This continued deposition was rescheduled twice after Defendant's personal injury counsel informed Plaintiff's counsel Defendant was not going to appear.

11. After being properly noticed on March 13, 2014, Defendant failed to appear for his continued deposition. If March 13, 2014 is a familiar date, it is because Defendant filed his Chapter 7 case on the afternoon of March 13, 2014, after failing to appear for his appropriately noticed deposition.

12. The Chapter 7 case filed by Defendant on March 13, 2014 is the second case Defendant has filed within a one year time period. He initially filed a Chapter 13 case on October 14, 2013, Case No. 13-10071-LA13 (the "Chapter 13" case). The Chapter 13 case was <u>dismissed</u> on January 28, 2014 by Order of Judge Peter W. Bowie.

13. Defendant's conduct in avoiding his deposition shows that he is obviously unwilling to answer questions about the personal injury case. He is hiding behind the Bankruptcy Court in an effort to avoid Plaintiff. This is quite obviously an abuse of the bankruptcy process. Defendant easily could have converted his Chapter 13 case into a Chapter 7 case, but chose not to, hoping that Plaintiff would no longer pursue her matter. He chose not to convert, and instead ran to this Court again when he found out Plaintiff was still pursuing her personal injury case.

14. At the initial meeting of creditors on April 17, 2014, counsel for Plaintiff attended. At that time, it was brought to the attention of the trustee, Christopher Barclay, that the docket for the pending Chapter 7 case showed two prior filings by Defendant. One was the Chapter 13 case, and one was a Chapter 7 matter filed in the Eastern District of New York, Case Number 06-41161 (the "06 case"). That case proceeded to a standard discharge on December 29, 2006.

15. Mr. Barclay then continued the meeting of creditors to May 5, 2014. He gave Defendant time to investigate the 06 case as Defendant denied that this was his case. Mr. Barclay asked for a declaration.

FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

3

16. Defendant provided that declaration, but the declaration is sufficiently defunct. Specifically, item #1 states that "I am the debtor in the within Chapter 13 proceeding." This is a Chapter 7 case, not a Chapter 13 proceeding. Item #2 states "notwithstanding allegations to the contrary, with the exception of the instant bankruptcy case, at no time have I previously filed a bankruptcy petition." This is also false. Defendant filed the Chapter 13 case in October 2013. Both of these statements are false and as a result constitute untrue statements as Defendant signed a declaration containing both false statements.

17. Defendant, without question, owes a monetary debt to the Plaintiff. However, the amount of that is not currently known due to the fact the case has yet to proceed to trial or settle. It should be noted Defendant has never tried to broach settlement discussions with Plaintiff. Defendant, as owner of the dog involved in the attack, is strictly liable to Plaintiff for injuries incurred. Furthermore, Defendant is liable pursuant to C.C.P. §3342, the California dog bit statute. In her complaint, Plaintiff alleged that Defendant knew his dog had an unusually dangerous tendency to bite, attack and threaten other dogs and human beings.

18. These allegations, which Plaintiff no doubt believes would be proven at trial, are based on factual evidence. They involve evidence of Defendant's dog baring his teeth at a neighbor after breaking through a fence, two occasions where Defendant's dog got loose and mauled another neighborhood dog and, most importantly, the fact that Defendant's dog bit someone prior to the Plaintiff and for which a civil judgment was entered against Defendant. Should a Judge or Jury find that Defendant's dog had an dangerous tendency to bite, punitive damages would be awarded against Defendant, making this debt non-dischargeable. However, the personal injury case has not yet reached that stage, due to Defendant's incessant abuse of the bankruptcy process. Therefore, the sum certain is not known at this time, although based on the law, there is an amount that is owed.

## I.

## FIRST CLAIM FOR RELIEF

## DEBTOR MADE FALSE OATH OR ACCOUNT

## (11 U.S.C. SECTION 727(a)(4))

19. Plaintiff realleges paragraphs 1 through 18, as though fully set forth herein.

20. The Debtor knowingly and fraudulently, in or in connection with this Chapter 7 case, made a false oath or account.

21. Specifically, Defendant issued a declaration which incorrectly stated he was involved in a Chapter 13 case and that he had never filed a previous bankruptcy case. Both statements constitute false oaths.

## II.

## SECOND CLAIM FOR RELIEF

## DEBTOR'S ACTS CONSTITUTED WILFULL & MALICIOUS INJURY

## (11 U.S.C. SECTION 523(a)(6))

22. Plaintiff realleges paragraphs 1 through 21, as though fully set forth herein.

23. In Plaintiff's underlying personal injury case, Defendant's dog mauled Plaintiff. The factual background leading up to this bite gives rise to the substantial likelihood that punitive damages will be awarded against Defendant for his willful and malicious conduct in so far as he knew that his dog had a dangerous propensity to bite and attack other persons and animals.

24. As a result of Defendant's conduct, he may not discharge the debt owed to Plaintiff, even though a sum certain is not currently known due to the bankruptcy pending in this Court.

FIRST AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR
5

WHEREFORE PLAINTIFF PRAYS for judgment against Defendants, and each of them, as follows:

    (1) That Debtor's discharge be denied;

    (2) That Debtor's debt to Plaintiff remain, even if all other debts are discharged;

    (3) Costs of suit incurred herein;

    (4) For any such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: June 27, 2014

By: _____
Alton F. Kuperman, Esq.
Matthew L. Williams, Esq.
Attorneys for Plaintiff
KIMBERLY MILLER